

Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED'10 JUN 14 16:03USDC-ORP

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **MARTY EVANS,** | Case No.: CV'10 - 678  SU |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, Marty Evans ("Plaintiff"), is a natural person residing in Umatilla



County, Oregon.

4.  Defendant, Portfolio Recovery Associates, LLC ("Defendant"), is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.  All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.  Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.  Plaintiff has spoken with Defendant by telephone just once. This conversation, hereafter referred to simply as "the Conversation," took place within 30 days after Plaintiff received the initial letter from Defendant, which letter was dated January 27, 2010 ("Initial Letter"). (See Initial Letter, attached hereto as Exhibit "A").

10. The Initial Letter contained disclosures that Defendant was required to give Plaintiff regarding, *inter alia*, Plaintiff's right to dispute the alleged debt, as required by 15 USC § 1692g(a). This means that the Conversation took place within the 30-day period during which Plaintiff has a right to demand validation of the debt in writing..

Case 2:10-cv-00678-SU   Document 1   Filed 06/14/10   Page 3 of 6

11. During the Conversation, Plaintiff expressed shock at being contacted about a debt that was so old. Plaintiff also expressed his opinion to Defendant that the debt was now outside the limitations period for filing suit. In response to Plaintiff's concerns about the age of the debt, Defendant stated that "there are ways we can collect this debt," without specifying what those ways might be. The aggressive manner in which Defendant made this vague threat caused Plaintiff to feel threatened and harassed, and Plaintiff hung up the phone shortly thereafter. Because the threat was made during a telephone conversation about the debt and after Plaintiff had received a letter stating he owed the debt, Plaintiff could only assume that Defendant's comment meant that Defendant could take actions other than simple phone or letter contact, such as filing a lawsuit or reporting to Plaintiff's credit report.

12. VIOLATION OF FDCPA, § 1692e(5): The debt Defendant attempted to collect was a US Cellular cell phone bill from so long ago that Defendant could not lawfully report the debt to Plaintiff's credit report or file a lawsuit on the alleged debt without violating the FDCPA. Because the age of the debt prevented Defendant from lawfully taking any action other than letter and phone contact with Plaintiff, Defendant's implied threat to take action beyond letter and phone contact, as described in detail in Paragraph 11, was a threat to take action that Defendant cannot legally take.

13. VIOLATION OF FDCPA, § 1692g(b): Because the threat to take unlawful action took place during the 30-day dispute period described by the Initial Letter, Defendant's threat to take unspecified unlawful actions to collect on the debt

overshadowed the disclosures made in the Initial Letter. The threat overshadowed the disclosures because such threats tend to draw the attention of unsophisticated consumers away from their right to dispute the alleged debt and toward Defendant's threats, especially where the ramifications of the threatened actions on the consumer's rights are not fully explained.

14. The Initial Letter accuses Plaintiff of owing a debt to US Cellular, and Defendant reiterated this position during the Conversation. (See Exhibit A).

15. Plaintiff does not and, to the best of Plaintiff's memory, has never owed a debt to US Cellular.

16. VIOLATION OF FDCPA, § 1692e(2)(A): Defendant falsely stated in the Initial Letter and in the Conversation that Plaintiff owed a debt he does not owe. (See Exhibit A).

17. VIOLATION OF FDCPA, § 1692e(10) & § 1692f: The Initial Letter states that the addressee of the letter is "Marty Edans." Plaintiff's name is Marty Evans. Plaintiff has never used the name "Marty Edans." Sending a letter to Plaintiff, whom Defendant should have known was not Marty Edans, regarding a debt owed by Marty Edans, was a deceptive and unfair practice. Accusing Plaintiff during the Conversation of owing a debt that Defendant knew or should have known was owed by Marty Edans and not Marty Evans, was a deceptive and unfair practice. To the extent that Defendant was in fact attempting to reach Marty Evans, placing the name "Marty Edans" on the Initial Letter was still an unfair and deceptive practice, inasmuch as seeing the name

"Marty Edans" would tend to cause Plaintiff to believe falsely that Defendant was not attempting to collect a debt from him, but rather from Marty Edans.

18. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

19. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

20. To the extent Defendant's actions, detailed in paragraphs 8-19, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692g(b), 1692e(10), 1692f, 1692e(2)(A) and 1692e(5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.  For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 8th of June, 2010.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff